SHAWN J. KOLITCH, *Pro Hac Vice Admission Pending*
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLP**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF INDIANA

### INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN BOOHER, SR. AND BENJAMIN BOOHER, JR., | Case No. 1:26-cv-793 |
| Plaintiffs, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| SCHUTT SPORTS, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiffs Benjamin Booher, Sr. and Benjamin Booher, Jr. allege, based on actual knowledge with respect to Plaintiffs and Plaintiffs' acts, and based on information and belief with respect to all other matters, against Defendant Schutt Sports, LLC ("Schutt" or "Defendant"), a Delaware Corporation headquartered in Plainfield, Indiana, as follows:

## NATURE OF THE CASE

This is a civil action for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. §§ 271(a).

## THE PARTIES

1.      Plaintiff Benjamin Booher, Sr. is an individual resident of Arizona, and a named inventor and owner of the patent asserted in this action.

2.      Plaintiff Benjamin Booher, Jr. is an individual resident of Florida, and a named inventor and owner of the patent asserted in this action.

3.      Defendant Schutt is a Delaware corporation having a principal place of business at 9400 Bradford Rd, Plainfield, Indiana 46168.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

5.      This Court has personal jurisdiction in this action over Defendant because, on information and belief, Defendant has its principal place of business in this district and conducts business in this district at least by advertising, distributing, and selling its products to customers throughout the United States and from and within this district, including the products accused of patent

infringement in this action. Furthermore, by committing purposeful acts of injecting its products into the nationwide stream of commerce at least through the e-commerce website schuttsports.com, including to consumers in this district, Defendant reasonably knew or expected that it could be hailed into court within this district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this district, and because Defendant has a regular and established place of business in this district and has committed acts of infringement at least by offering for sale and selling its infringing products in this district.

**FACTUAL ALLEGATIONS**

7. In 2015, Plaintiffs Benjamin Booher, Sr. and Benjamin Booher, Jr. worked together to conceive and develop a novel new football helmet design that included energy-absorbing "beam" portions in the helmet shell, which the Boohers realized would reduce the energy transmitted through the helmet to the user's head, thereby reducing football-related head and neck injuries.

8. Plaintiffs filed a U.S. provisional patent application describing their helmet technology on November 13, 2015, and filed a U.S. nonprovisional patent application claiming priority to their provisional application on July 20, 2016, which led to the asserted patent in this action.

Page 3

9.      Plaintiffs own all right, title and interest in U.S. Pat. No. 10,098,402 ("the '402 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '402 patent issued October 16, 2018, and will expire July 20, 2036. The '402 patent gives Plaintiffs the right to exclude others from making, using, offering for sale, or selling the invention claimed in the patent within the United States; and from importing the invention claimed in the patent into the United States. A copy of the '402 patent is attached hereto as Exhibit A.

10.     On information and belief, Schutt is a Delaware corporation selling football helmets and other football equipment in the United States and elsewhere through its retail website located at schuttsports.com and through various retail partners. Screenshots from Defendant's retail website (as of April 22, 2026) are attached hereto as Exhibit B.

11.     On information and belief, all Schutt helmets in its F7 line, including the F7 Pro Helmet, the F7 Air Elite Helmet, the F7 Air Helmet, the F7 Air Youth Helmet, the F7 Air Youth Elite Helmet, and the F7 Pro Ultimate Kit that includes the F7 Pro Helmet (collectively the "Accused Products"), infringe the '402 Patent.

12.     The Accused Products are sold through Schutt's retail website, and also through various retail partners, at least including Dick's Sporting Goods and Amazon.com, as well as directly to youth, college, and professional teams and equipment managers.

Page 4

13. Claim charts demonstrating infringement of one or more claims of the '402 Patent by the Accused Products are attached hereto as Exhibit C.

14. Specifically, the claim charts of Exhibit C demonstrate infringement of claims 15 and 17 of the '402 Patent by the Schutt F7 helmets. On information and belief, all models of the Accused Products include a shell with the same infringing design, and therefore the infringement analysis is identical for all of the Schutt F7 models.

15. Plaintiffs have not licensed any rights under the '402 Patent to Schutt. On information and belief, Schutt is willfully infringing the '402 Patent.

### CLAIM 1 – INFRINGEMENT OF THE '402 PATENT

16. Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though set forth fully herein.

17. Schutt has infringed at least claims 15 and 17 of the '402 Patent by making, using, selling, offering to sell, and/or importing the Schutt F7 helmets, including the F7 Pro Helmet, the F7 Air Elite Helmet, the F7 Air Helmet, the F7 Air Youth Helmet, the F7 Air Youth Elite Helmet, and the F7 Pro Ultimate Kit that includes the F7 Pro Helmet.

18. Schutt's infringement of the '402 Patent has been and continues to be willful.

19. Plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, at least through lost royalties, due to infringement by Schutt.

20. Plaintiffs have suffered, and will continue to suffer, permanent and irreparable injury for which Plaintiffs have no adequate remedy at law.

21. Plaintiffs are entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Schutt has infringed, and is infringing, the '402 Patent, in violation of 35 U.S.C. § 271;

B. That infringement by Schutt is willful;

C. That Schutt be permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Products and any other Schutt products found to infringe the '402 Patent;

D. That Schutt be required to deliver to Plaintiffs for destruction any and all articles in its possession and/or under its control that infringe the '402 Patent, including but not limited to all existing Accused Products, associated packaging, and advertisements;

E.     That Schutt be ordered to pay Plaintiffs the damages that Plaintiffs have suffered due to patent infringement by Schutt, equal at least to a reasonable royalty, together with interest thereon and costs;

F.     That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Schutt, and that Plaintiffs be awarded trebled damages and their reasonable attorneys' fees; and

G.     That Plaintiffs have such other and further relief as the Court and/or a jury deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this 22nd day of April, 2026.

Respectfully submitted,

**KOLITCH ROMANO DASCENZO GATES LLP**

By _/s/ Shawn J. Kolitch_____
   Shawn J. Kolitch
   Email: shawn@krdglaw.com
   621 SW Morrison Street #1100
   Portland, Oregon 97205
   Telephone: (503) 994-1650

*Attorneys for Plaintiffs*